# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-961V**
**Filed: March 4, 2022**

PAMELA FLOWERS, parent and natural guardian of A.R., a minor,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Ruling on Entitlement; Table Injury; Tdap Vaccine; Injectable Polio Vaccine (IPV); Chronic Regional Pain Syndrome (CRPS).

*Robert Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner
*Terrence Mangan*, U.S. Department of Justice, Washington, DC, for Respondent

## RULING ON ENTITLEMENT[1]

**Oler**, Special Master:

On August 3, 2020, Pamela Flowers ("Ms. Flowers" or "Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleges that the Tdap vaccine and injectable Polio vaccine ("IPV") her daughter, A.R., received on August 18, 2017 caused her

[1] Because this Ruling contains a reasoned explanation for the action in this case, I intend to post this Ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

to develop injuries including "Complex Regional Pain Syndrome, brachial plexus, and pain amplification syndrome." *Id.* at 1; Resp't's Rep. at 1.

On March 4, 2022, Respondent filed his Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case. Resp't's Rep. at 1-2, ECF No. 37. Specifically, Respondent states that

> Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the Petition and supporting documentation filed in this case and concluded that A.R. developed CRPS of the left arm, which was more likely than not caused by administration of Tdap and/or IPV vaccines at the same location. No other causes for A.R.'s condition have been identified. *See* 42 U.S.C. § 300aa-13(a)(1)(B). In addition, given the medical records outlined above, petitioner has satisfied the statutory requirement that A.R.'s injury lasted for at least six months, or resulted in "inpatient hospitalization and surgical intervention" as required by 42 U.S.C. § 300aa-11(c)(1)(D)(i), (iii). Therefore, based on the record as it now stands, petitioner has satisfied all legal requisites for compensation under the Act.

*Id.* at 7-8.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.** A separate order for the damages phase of this case will issue shortly.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master