# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-961V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
                                             *
                                             *
PAMELA FLOWERS, parent and natural           *
guardian of A.R., a minor,                   *
                                             *   Filed: May 19, 2023
              Petitioner,                    *
                                             *
                                             *
v.                                           *   Entitlement; Decision by Proffer;
                                             *   Damages; Tetanus Diphtheria Acellular
                                             *   Pertussis ("Tdap") Vaccine; Inactivated
SECRETARY OF HEALTH AND                      *   Polio Vaccine ("IPV"); Chronic Regional
HUMAN SERVICES,                              *   Pain Syndrome ("CRPS"); Brachial
                                             *   Plexus; Pain Amplification Syndrome.
              Respondent.                     *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner
*Kyle Pozza*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On August 3, 2020, Pamela Flowers ("Petitioner") filed a petition on behalf of A.R. (her minor daughter), seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that A.R. developed Chronic Regional Pain Syndrome ("CRPS"), brachial plexus injury, and pain amplification syndrome as a

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

result of the tetanus diphtheria acellular pertussis ("Tdap") vaccine and inactivated polio vaccine ("IPV") she received on August 18, 2017. *See* Pet. at 1; Proffer at 1.

On March 4, 2022, Respondent filed a Rule 4(c) Report conceding entitlement to compensation. Resp't's Rep. at 1, ECF No. 37. Specifically, Respondent states that

> Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the Petition and supporting documentation filed in this case and concluded that A.R. developed CRPS of the left arm, which was more likely than not caused by administration of Tdap and/or IPV vaccines at the same location. No other causes for A.R.'s condition have been identified. *See* 42 U.S.C. § 300aa-13(a)(1)(B). In addition, given the medical records outlined above, petitioner has satisfied the statutory requirement that A.R.'s injury lasted for at least six months, or resulted in "inpatient hospitalization and surgical intervention" as required by 42 U.S.C. § 300aa-11(c)(1)(D)(i), (iii). Therefore, based on the record as it now stands, petitioner has satisfied all legal requisites for compensation under the Act.

*Id.* at 7-8.

On March 4, 2022, I issued a Ruling on Entitlement finding that Petitioner was entitled to compensation due to Respondent's concession in his Rule 4(c) Report. ECF No. 38.

Respondent filed a proffer on May 19, 2023 (ECF No. 55), agreeing to issue the following payment:

### 1. A Lump Sum

A lump sum of $14,719.70, which amount represents reimbursement of a State of California Medicaid lien for services rendered on behalf of A.R., in the form of a check payable jointly to petitioners and Department of Health Care Services, mailed to

> Department of Health Care Services
> Recovery Branch - MS 4720
> P.O. Box 997421
> Sacramento, CA 95899-7421
> DHCS Account No.: C95939244F-VAC03

Petitioner agrees to endorse the check to the California Department of Health Care Services in satisfaction of the Medicaid lien.

### 2. An Annuity

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract in the

amount of $125,000.00,[3] as described below:

Each Life Insurance Company must meet the following criteria:

1.  Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2.  have one of the following ratings from two of the following rating organizations:
    a)  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
    b)  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
    c)  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
    d)  Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of A.R., pursuant to which the Life Insurance Company will agree to make payments periodically to A.R. as described in Section II(B) of the attached Proffer.

I adopt Respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] To satisfy the conditions set forth herein, in Respondent's discretion, Respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| _____ ) | |
| PAMELA FLOWERS, parent and natural ) | |
| guardian of A.R., a minor, ) | |
| ) | |
| Petitioner, ) | No. 20-961V |
| v. ) | Special Master Oler |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## RESPONDENT'S PROFFER OF DAMAGES

### I.    Procedural History

On August 3, 2020, Pamela Flowers ("petitioner") filed this claim under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Act"), *as amended*, 42 U.S.C. §§ 300aa-1 to -34, on behalf of her minor daughter, A.R., alleging that tetanus-diphtheria-acellular pertussis vaccine ("Tdap") and inactivated polio vaccine ("IPV") administered on August 18, 2017, caused injuries including Complex Regional Pain Syndrome ("CRPS"), brachial plexus injury, and pain amplification syndrome.  Petition at 1-2.  On March 4, 2022, respondent filed his Rule 4(c) Report in which he concedes that petitioner is entitled to compensation in this case for CRPS.  ECF No. 37.  Accordingly, on March 4, 2022, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 38.

1

## II.   <u>Items of Compensation and Form of the Award</u>

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

A.   <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy a State of California Medicaid lien in the amount of $14,719.70, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against any individual as a result of any Medicaid payments the State of California has made to or on behalf of A.R. from the date of her eligibility for benefits through the date of judgment in this case as a result of A.R.'s alleged vaccine-related injury suffered on or about August 18, 2017, under Title XIX of the Social Security Act.  Reimbursement of the State of California Medicaid lien shall be made through a lump sum payment of **$14,719.70**, representing compensation for satisfaction of the State of California Medicaid lien, in the form of a check payable jointly to petitioner and:

Department of Health Care Services
Recovery Branch - MS 4720
P.O. Box 997421
Sacramento, CA 95899-7421
DHCS Account No.: C95939244F-VAC03

Petitioner agrees to endorse the check to the California Department of Health Care Services in satisfaction of the Medicaid lien.

---

[1]  Should A.R. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

B.     Pain and Suffering

For pain and suffering, an amount not to exceed $125,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will provide payments to A.R. as set forth below:

> Beginning December 11, 2024, $501.02 per month for 27 years and 8 months certain, increasing at 3% compounded annually from the date payments begin.

The purchase price of the annuity described in this section II.B. shall neither be greater nor less than $125,000.00.  In the event that the cost of the certain annuity payments set forth above varies from $125,000.00, the certain monthly payment of $501.02 due on December 11, 2024, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $125,000.00.  Should A.R. predecease any of the certain annuity payments set forth above,

---

[2]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
> d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

said payments shall be made to her estate.  Written notice to the Secretary of Health and Human

Services and to the Life Insurance Company shall be provided within twenty (20) days of A.R.'s

death.

These amounts represent all elements of compensation to which A.R. would be entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[5]


**III.**    **Summary of Recommended Payments Following Judgment**

    A.     Medicaid lien:                                                      **$14,719.70**

    B.     An amount of **$125,000.00** to purchase the annuity contract
described above in section II. B.

---

[5] At the time payment is received, A.R. will be an adult, and thus guardianship is not required.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/*Kyle E. Pozza*
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3661
Email: Kyle.Pozza@usdoj.gov

DATED:   May 19, 2023